UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RICHARD SAUL WURMAN | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | C.A. No. 1:16-cv-202-S-PAS |
| | : | |
| MARC HODOSH | : | Jury Trial Demanded |
|     Defendant | : | |

## ANSWER TO COUNTERCLAIM

Plaintiff Richard Saul Wurman ("Wurman"), pursuant to Fed. R. Civ. P. Rule 7, answers the defendant Marc Hodosh's ("Hodosh") counterclaim as follows.

1. Admitted.

2. Admitted.

3. Admitted that Wurman created the TEDMED conference in 1995, and conducted TEDMED conferences thereafter.

4. Denied. Admitted that Wurman approached Hodosh to discuss Hodosh providing administrative support for running TEDMED conferences.

5. Denied. Admitted that Wurman and Hodosh entered into a written agreement on March 9, 2008, the terms of which speak for themselves.

6. Denied. Admitted that Hodosh provided administrative support and assisted Wurman in the presentation of the 2009 and 2010 TEDMED conferences.

7. Denied. Admitted that in 2010, Wurman informed Hodosh that Jay S. Walker ("Walker") was an individual who may have an interest in becoming an investor in TEDMED.

8. Denied. Admitted that following execution of the March 9, 2008 contract, Hodosh was the owner of TEDMED, subject to his obligations to Wurman under the March 9, 2008 contract and the December 1, 2010 addendum to the contract.

9. Denied.

10. Admitted that on December 1, 2010, Wurman and Hodosh executed an addendum to the March 9, 2008 contract, the terms of which speak for themselves.

11. This paragraph purports to characterize the terms of a written agreement, the terms of which speak for themselves. To the extent that the characterizations differ from the terms, they are denied.

12. Denied.

13. Admitted that Wurman received from Walker a draft "Confidential TEDMED Business Purchase Terms" dated January 3, 2011, among Wurman, Hodosh, and Walker, the terms of which speak for themselves.

14. Admitted that Wurman and Hodosh signed a "Confidential TEDMED Business Purchase Terms" dated January 6, 2011, among Wurman, Hodosh, and Walker; as to the remaining allegations of this paragraph, Wurman is without sufficient information to form a belief as to the truth of the allegations in this paragraph, and leaves defendant/counterclaimant to his proof.

15. Denied.

16. Denied.

17. Denied.

18. Wurman is without sufficient information to form a belief as to the truth of the allegations in this paragraph, and leaves Hodosh to his proof.

19. Wurman is without sufficient information to form a belief as to the truth of the allegations in this paragraph, and leaves defendant/counterclaimant to his proof.

20. Wurman is without sufficient information to form a belief as to the truth of the allegations in this paragraph, and leaves defendant/counterclaimant to his proof.

21. Denied.

22. Wurman is without sufficient information to form a belief as to the truth of the allegations in this paragraph, and leaves defendant/counterclaimant to his proof.

23. Wurman is without sufficient information to form a belief as to the truth of the allegations in this paragraph, and leaves defendant/counterclaimant to his proof.

24. Denied. Admitted that Wurman agreed to meet with Walker and Walker's assistant on April 11, 2011, and that he agreed to review a proposal to Wurman that Walker stated he would submit within two days.

25. Denied. Admitted that Walker met with Wurman at Wurman's home on April 11, 2011.

26. Denied.

27. This paragraph purports to characterize the contents of a written communication, which speak for themselves. To the extent that the characterizations differ from the written communication, they are denied.

28. Denied.

29. Wurman repeats and incorporates herein his responses to paragraphs 1 through 28 of the Counterclaim.

30. Wurman is without sufficient information to form a belief as to the truth of the allegations in this paragraph, and leaves defendant/counterclaimant to his proof.

31. Denied.

32. Denied. Admitted that Walker informed Wurman that he had paid Hodosh $16 million, with possible additional payments of $4 to 9 million.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

WHEREFORE, plaintiff Richard Saul Wurman demands judgment in his favor on the defendant's counterclaim, with costs.

RICHARD SAUL WURMAN
By his Attorneys,
/s/R. Daniel Prentiss (#0783)
R. Daniel Prentiss, P.C.
56 Pine Street, Suite 200
Providence, RI  02903
Tel: (401) 824-5150
Fax: (401)824-5181
dan@prentisslaw.com

## CERTIFICATE OF SERVICE

I certify that on the 11th day of July, 2016, the foregoing document was submitted for filing with the CM/ECF System, and served on counsel of record:

Joseph V. Cavanagh, Jr.
Lynne Barry Dolan
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, Rhode Island 02903

/s/ R. Daniel Prentiss